IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PRISM RENEWABLES, INC. <br><br>     Plaintiff, <br><br> v. <br><br> FIVE M'S L.L.C.; <br><br>     Defendant. | **COMPLAINT** |

COMES NOW, Prism Renewables, Inc. ("**Plaintiff**" or "**Prism**") by and through counsel, complaining of Defendant Five M's L.L.C. ("**Defendant**" or "**Five M's**") and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Union County, North Carolina.

2.     Defendant is a limited liability company organized and existing under the laws of the State of Virginia. Defendant may be served with process via its registered agent in North Carolina, Larry E. Harrington, 315A N. Main St., Monroe, North Carolina, 28112. Upon information and belief, all members of Defendant are individual citizens and residents of the State of Virginia.

3.     As detailed hereinbelow, the amount in controversy in this dispute is in excess of $75,000.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

1

6. This Court's exercise of personal jurisdiction over Defendant is proper because, among other reasons, the agreements and facts alleged herein took place in the Western District of North Carolina, and Defendant's principal assets and business operations consist of a solar farm project located on real property located in Cabarrus County, North Carolina.

## FACTUAL BACKGROUND

7. Plaintiff and its affiliated company, Entropy Renewables, Inc. ("Entropy") are infrastructure consulting firms specializing in the development of renewable energy projects. At all times relevant hereto, Plaintiff and Entropy both provided services based out of their office in Union County, North Carolina.

8. Plaintiff and Entropy were both owned and operated by their chief executive officer, Lewis Reynolds ("Reynolds").

9. As detailed hereinbelow, Plaintiff and Entropy, through Reynolds, provided substantial services related to the development of a substantial solar project in Cabarrus County, North Carolina, located on over 450 acres. Defendant still owns the underlying real property at issue (the "NC Solar Project").

10. The NC Solar Project is one of, if not the, largest photovoltaic solar projects in the eastern United States, producing roughly 102.4 MW (DC). Development of the NC Solar Project was a long and complicated process which required substantial expertise provided by Reynolds in his capacity as CEO of Plaintiff and Entropy.

11. In December 2017, in connection with the services rendered by Entropy, Entropy was entitled to a fee of $2,000,000.

12.     At or around that time, Five M's requested that a portion of the fee owed to Entropy be loaned via a loan agreement between Prism and Five M's to facilitate the assemblage of additional real property parcels and development of the overall NC Solar Project.

13.     This loan was agreed to by and among the relevant parties and documented via a Loan Agreement between Prism and Five M's (the "Prism Loan Agreement"), a Promissory Note (the "Prism Note") and a Deed of Trust (the "Prism Deed of Trust"), all dated December 29, 2017. Together the Prism Loan Agreement, Prism Note, and Prism Deed of Trust are the "Prism Loan Documents."

14.     A true and accurate copy of the Prism Loan Agreement is attached hereto as Exhibit A.

15.     A true and accurate copy of the Prism Note is attached hereto as Exhibit B.

16.     A true and accurate copy of the Prism Deed of Trust is attached hereto as Exhibit C.

17.     Five M's is currently a party to litigation in the Circuit Court of Virginia, the City of Bristol, regarding ownership and control of Five M's by and among its members (the "Bristol Litigation").

18.     The Bristol Litigation amounts to nothing more than a bitter internal family dispute between the parents and adult children of one family—the McBrides—who are members of Five M's. Despite this, the Bristol Litigation has, over the course of the past three years, sprawled and expanded to assert unjustified and improper claims against various third parties in an effort to extort settlement funds and justify wild, unsubstantiated conspiracy theories on the part of the plaintiffs in the Bristol Litigation.

19.     Defendant Five M's is alleged to be the principal plaintiff in the Bristol Litigation, along with two adult children of the McBride Family, Virginia McBride Shover and Sallie McBride Strickler (the "Bristol Plaintiffs"). Amongst other claims against other defendants alleged in their approximately 130-page pleading, the Bristol Plaintiffs assert certain vague conspiracy theories as derivative claims by and on behalf of Defendant Five M's against Plaintiff's CEO Reynolds, **personally**, for the services he provided in his capacity as CEO of Entropy and Plaintiff in connection with the NC Solar Project.

20.     Plaintiff is not a named party to the Bristol Litigation, and neither is Entropy. Upon information and belief, the Bristol Plaintiffs intentionally elected not to name Plaintiff or Entropy because of binding forum selection clauses that would have required any litigation relating to the services provided by Prism and Entropy on the NC Solar Project to have been brought in the state and federal courts of Charlotte, North Carolina as detailed below.

21.     Plaintiff is obligated to defend and indemnify its CEO Reynolds for any and all claims and causes of action asserted against him in the Bristol Litigation as all such allegations pertain to services he rendered solely in his capacity as an officer and employee of Plaintiff and Entropy. The relief purportedly sought by the Bristol Plaintiffs is the forfeiture and recovery of the $2,000,000 paid to Entropy and Plaintiff in connection with the development of the NC Solar Project.

22.     Pursuant to the Prism Loan Agreement, the Prism Note, and the Prism Deed of Trust, Five M's (as "Grantor") is required to indemnify and hold Plaintiff harmless, along with Plaintiff's directors, officers, employees and agents, (each an "Indemnified Party") from:

> …any and all claims, damages, losses, liabilities and expenses (including all fees and charges of internal or external counsel with whom any Indemnified Party may consult and all expenses of litigation and preparation therefor) which any Indemnified Party may incur, or which may be asserted against any Indemnified

Party by any person, entity or governmental authority (including any person or entity claiming derivatively on behalf of the Grantor), in connection with or arising out of or relating to the matters referred to in this Deed of Trust or in the other Loan Documents, whether (a) arising from or incurred in connection with any breach of a representation, warranty or covenant by the Grantor, or (b) arising out of or resulting from any suit, action, claim, proceeding or governmental investigation, pending or threatened, whether based on statute, regulation or order, or tort, or contract or otherwise, before any court or governmental authority; provided, however, that the foregoing indemnity agreement shall not apply to any claims, damages, losses, liabilities and expenses solely attributable to an Indemnified Party's gross negligence or willful misconduct. The indemnity agreement contained in this Section shall survive the termination of this Deed of Trust, payment of any Obligations and assignment of any rights hereunder. The Grantor may participate at its expense in the defense of any such action or claim.

(Prism Deed of Trust, Para. 25).

23.     Upon the naming of Reynolds as a defendant in the Bristol Litigation, Five M's became obligated to indemnify and hold Plaintiff and Reynolds harmless from, *inter alia*, any and all claims, causes of action, liabilities, and expenses of the Bristol Litigation.

24.     Upon information and belief, the Bristol Plaintiffs, via derivative claims alleged on behalf of Five M's, seek to attack the representations, warranties, covenants, and legal effectiveness of the Prism Loan Documents.

25.     Further, the allegations of the Bristol Litigation allege various facts and circumstances which, if proven to be true, constitute breaches of material representations, warranties and covenants made by Five M's to Plaintiff.

26.     Plaintiff has made demand upon Five M's to affirm and perform its indemnification obligations, but Defendant has not complied with the demands of Plaintiff.

27.     The Prism Loan Documents contain express and exclusive forum selection clauses requiring any and all litigation relating thereto to be brought in the state and federal courts of Charlotte, North Carolina.

## FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

28.     Plaintiff realleges and incorporates the prior allegations of the Complaint as if they were set forth herein in their entirety.

29.     As described hereinabove, Plaintiff and Defendant are parties to the Prism Loan Documents, and the Prism Loan Documents constitute one or more enforceable agreements by and between the parties.

30.     Plaintiff has performed all its obligations under the Prism Loan Documents.

31.     Plaintiff has demanded that Defendant affirm and perform its obligations under the Prism Loan Documents, and Defendant has failed to do so.

32.     Defendant's failure to comply with its obligations under the under the Prism Loan Documents constitute a material breach of the parties' agreements.

33.     Defendant's conduct as alleged hereinabove has also breached the implied covenant of good faith and fair dealing with respect to the parties' agreements.

34.     Plaintiff has incurred actual damages as a result of Defendant's breach, in an amount to be determined by a jury, but upon information which shall be substantially in excess of $75,000, plus interest at the maximum rate as allowed by law from no later than the date of breach until the Plaintiff receives payment in full, plus Plaintiff's costs incurred in bringing this action.

## SECOND, ALTERNATIVE CAUSE OF ACTION
### DECLARATORY JUDGMENT

35.     Plaintiff realleges and incorporates the prior allegations of the Complaint as if they were set forth herein in their entirety.

36.     Plaintiff contends that it, and its principal officer Reynolds, are entitled to be indemnified and held harmless from, *inter alia*, any and all claims, causes of action, and expenses

of litigation arising from or relating to the Bristol Litigation under the agreements between Plaintiff and Defendant as embodied in the Prism Loan Documents.

37.    Upon information and belief, Defendant denies that it is obligated to indemnify and hold Plaintiff and Reynolds harmless as described hereinabove.

38.    A real and actual controversy exists by and among Plaintiff and Defendant as to each respective party's rights and obligations under the Prism Loan Documents.

39.    Pursuant to either 28 U.S.C. § 2201 or N.C. Gen. Stat. § 1-253, *et seq.*, Plaintiff is entitled to have a declaration by this Court that Plaintiff, along with its principal officer Reynolds, are entitled to be indemnified and held harmless from, *inter alia*, any and all claims, causes of action, and expenses of litigation, relating to the Bristol Litigation pursuant to the agreements between Plaintiff and Defendant as embodied in the Prism Loan Documents.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A.  That Plaintiff be granted judgment (1) declaring its rights under the Prism Loan Documents as set forth herein and (2) in its favor against Defendant in an amount to be proven at trial for its actual and consequential damages, but exceeding $75,000, including the accrual of interest at the maximum rate allowed by law;

B.  That Plaintiff be awarded its costs incurred in the bringing of this action;

C.  That Plaintiff be awarded its attorneys' fees incurred in bringing this action;

D.  That Plaintiff have a trial by jury on all issues so triable; and

E.  That the Court award Plaintiff such additional relief in Plaintiff's favor as the Court deems just and equitable.

This the 15th day of April, 2021.

HAMILTON STEPHENS
STEELE + MARTIN, PLLC


By: *s/Daniel J. Finegan*

Daniel J. Finegan (NC Bar No. 36754)
Adrianne Chillemi (NC Bar No. 30714)
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202
Telephone: 704-344-1117
dfinegan@lawhssm.com

*Counsel for Plaintiff Prism Renewables, Inc.*

8