# NOTE

December 29, 2017

$1,049,090.93

**FOR VALUE RECEIVED**, FIVE M'S, L.L.C., a Virginia limited liability company (the **"Borrower"**), with an address at 1583 Ridgedale Road, Harrisonburg, VA 22801, promises to pay to the order of PRISM REWEWABLES INC., a Delaware corporation (the **"Lender"**), in lawful money of the United States of America in immediately available funds at its offices located at 9007 Unbridle Lane, Waxhaw, NC 28173, or at such other location as the Lender may designate from time to time, the principal sum of **ONE MILLION FORTY NINE THOUSAND NINETY DOLLARS AND NINETY THREE CENTS** ($1,049,090.93) (the "**Facility**"), together with interest accruing on the outstanding principal balance from the date hereof, all as provided below.

**1. Rate of Interest.** Amounts outstanding under this Note will bear interest at a rate per annum (**"Fixed Rate"**) which is at all times equal to five percent (5%). Interest will be calculated based on the actual number of days that principal is outstanding over a year of 365 days. In no event will the rate of interest hereunder exceed the maximum rate allowed by law.

**2. Payment Terms.** All outstanding principal and accrued interest shall be due and payable in full on September 15, 2018 (the "**Maturity Date**"). Payments received will be applied to charges, fees and expenses (including attorneys' fees), then accrued interest and then principal.

**3. Prepayment.** The Borrower shall have the right to prepay any advance hereunder at any time and from time to time, in whole or in part.

**4. Other Loan Documents.** This Note is issued in connection with a letter agreement or loan agreement between the Borrower and the Lender, dated on or before the date hereof, and the other agreements and documents executed and/or delivered in connection therewith or referred to therein, the terms of which are incorporated herein by reference (as amended, modified or renewed from time to time, collectively the **"Loan Documents"**), and is secured by the property described in the Loan Documents.

**5. Events of Default.** The occurrence of any of the following events will be deemed to be an **"Event of Default"** under this Note: (i) the nonpayment of any principal, interest or other indebtedness under this Note when due; (ii) the occurrence of any event of default or any default and the lapse of any notice or cure period, or any Borrower's failure to observe or perform any covenant or other agreement, under or contained in any Loan Document or any other document now or in the future evidencing or securing any debt, liability or obligation of any Borrower to the Lender; (iii) the filing by or against any Borrower of any proceeding in bankruptcy, receivership, insolvency, reorganization, liquidation, conservatorship or similar proceeding; (iv) any assignment by any Borrower for the benefit of creditors, or any levy, garnishment, attachment or similar proceeding is instituted against any property of any Borrower held by or deposited with the Lender; (v) the commencement of any foreclosure or forfeiture proceeding, execution or attachment against any collateral securing the obligations of any Borrower to the Lender; (vi) the entry of a final judgment against any Borrower in an amount in excess of $100,000.00, and the failure of such Borrower to discharge the judgment within thirty (30) days of the entry thereof; (vii) any change in any Borrower's business, assets, operations, financial condition or results of operations that has or could reasonably be expected to have any material adverse effect on any Borrower; (viii) any Borrower ceases doing business as a going concern; or (ix) any representation or warranty made by any Borrower to the Lender in any Loan Document or any other documents now or in the future evidencing or securing the obligations of any Borrower to the Lender, is false, erroneous or misleading in any material respect.

Upon the occurrence of an Event of Default: (a) the Lender shall be under no further obligation to make advances hereunder; (b) if an Event of Default specified in clause (iii) or (iv) above shall occur, the outstanding principal balance and accrued interest hereunder together with any additional amounts payable hereunder shall be immediately due and payable without demand or notice of any kind; (c) if any other Event of Default shall occur, the outstanding principal balance and accrued interest hereunder together with any additional amounts payable hereunder, at the Lender's option and without demand or notice of any kind, may be accelerated and become immediately due and payable; and (d) the Lender may exercise from time to time any of the rights and remedies available under the Loan Documents or under applicable law.

**6.** **Indemnity.** The Borrower agrees to indemnify each of the Lender, each legal entity, if any, who controls, is controlled by or is under common control with the Lender, and each of their respective directors, officers and employees (the "**Indemnified Parties**"), and to defend and hold each Indemnified Party harmless from and against any and all claims, damages, losses, liabilities and expenses (including all fees and charges of internal or external counsel with whom any Indemnified Party may consult and all expenses of litigation and preparation therefor) which any Indemnified Party may incur or which may be asserted against any Indemnified Party by any person, entity or governmental authority (including any person or entity claiming derivatively on behalf of the Borrower), in connection with or arising out of or relating to the matters referred to in this Note or in the other Loan Documents or the use of any advance hereunder, whether (a) arising from or incurred in connection with any breach of a representation, warranty or covenant by the Borrower, or (b) arising out of or resulting from any suit, action, claim, proceeding or governmental investigation, pending or threatened, whether based on statute, regulation or order, or tort, or contract or otherwise, before any court or governmental authority; provided, however, that the foregoing indemnity agreement shall not apply to any claims, damages, losses, liabilities and expenses solely attributable to an Indemnified Party's gross negligence or willful misconduct. The indemnity agreement contained in this Section shall survive the termination of this Note, payment of any advance hereunder and the assignment of any rights hereunder. The Borrower may participate at its expense in the defense of any such action or claim.

**7.** **Miscellaneous.** All notices, demands, requests, consents, approvals and other communications required or permitted hereunder ("**Notices**") must be in writing (except as may be agreed otherwise above with respect to borrowing requests) and will be effective upon receipt. Notices may be given in any manner to which the parties may separately agree, including electronic mail. Without limiting the foregoing, first-class mail, facsimile transmission and commercial courier service are hereby agreed to as acceptable methods for giving Notices. Regardless of the manner in which provided, Notices may be sent to a party's address as set forth above or to such other address as any party may give to the other for such purpose in accordance with this paragraph. No delay or omission on the Lender's part to exercise any right or power arising hereunder will impair any such right or power or be considered a waiver of any such right or power, nor will the Lender's action or inaction impair any such right or power. The Lender's rights and remedies hereunder are cumulative and not exclusive of any other rights or remedies which the Lender may have under other agreements, at law or in equity. No modification, amendment or waiver of, or consent to any departure by the Borrower from, any provision of this Note will be effective unless made in a writing signed by the Lender, and then such waiver or consent shall be effective only in the specific instance and for the purpose for which given. Notwithstanding the foregoing, the Lender may modify this Note for the purposes of completing missing content or correcting erroneous content, without the need for a written amendment, provided that the Lender shall send a copy of any such modification to the Borrower (which notice may be given by electronic mail). The Borrower agrees to pay on demand, to the extent permitted by law, all costs and expenses incurred by the Lender in the enforcement of its rights in this Note and in any security therefor, including without limitation reasonable fees and expenses of the Lender's counsel. If any provision of this Note is found to be invalid, illegal or unenforceable in any respect by a court, all the other provisions of this Note will remain in full force and effect. The Borrower and all other makers and endorsers of this Note hereby forever waive presentment, protest, notice of dishonor and notice of non-payment. The Borrower also waives all defenses based on suretyship or impairment of collateral. If this Note is executed by more than one Borrower, the obligations of such persons or entities hereunder will be joint and several. This Note shall bind the Borrower and its heirs, executors, administrators, successors and assigns, and the benefits hereof shall inure to the benefit of the Lender and its successors and assigns; provided, however, that the Borrower may not assign this Note in whole or in part without the Lender's written consent and the Lender at any time may assign this Note in whole or in part.

This Note has been delivered to and accepted by the Lender and will be deemed to be made in North Carolina. **THIS NOTE WILL BE INTERPRETED AND THE RIGHTS AND LIABILITIES OF THE LENDER AND THE BORROWER DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NORTH CAROLINA, EXCLUDING ITS CONFLICT OF LAWS RULES.**

The Borrower hereby irrevocably consents to the exclusive jurisdiction of any state or federal court in Charlotte, North Carolina; provided that nothing contained in this Note will prevent the Lender from bringing any action, enforcing any award or judgment or exercising any rights against the Borrower individually, against any security or against any property of the Borrower within any other county, state or other foreign or domestic jurisdiction. The Borrower acknowledges and agrees that the venue provided above is the most convenient forum for both the Lender and the Borrower. The Borrower waives any objection to venue and any objection based on a more convenient forum in any action instituted under this Note.

**8.** **Commercial Purpose.** The Borrower represents that the indebtedness evidenced by this Note is being incurred by the Borrower solely for the purpose of acquiring or carrying on a business, professional or commercial activity, and not for personal, family or household purposes.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

- 3 -

**Form 8E – NC (NCOJ) Rev. 8/12**

Case 3:21-cv-00169-RJC-DCK   Document 1-2   Filed 04/15/21   Page 3 of 4

Signature Page for Promissory Note from Five M's, L.L.C., to Prism Renewables, Inc.

Five M's, L.L.C., a Virginia limited liability company

By: *Henry T. McBride, Jr.*

Its: *Managing Member*