UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00169-RJC-DCK

| | |
|---|---|
| PRISM RENEWABLES, INC., and LEWIS REYNOLDS ) ) ) | |
| Plaintiffs, ) ) ) | **ORDER** |
| v. ) ) ) | |
| FIVE M'S, LLC, ) ) ) | |
| Defendant. ) ) ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, (Doc. No. 14), and the Magistrate Judge's Memorandum and Recommendations ("M&R"), (Doc. No. 18). For the reasons below, the M&R is **ADOPTED in part**, and the Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review

of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Likewise, merely reiterating the same arguments made in the pleadings or motion submitted to the Magistrate Judge does not warrant de novo review. *See United States v. Midgette*, 478 F.3d 616, 620–21 (4th Cir. 2007); *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom.*, *Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013).

**III. DISCUSSION**

Prism Renewables and Lewis Reynolds (together, "Prism") disagree with their business partners, Five M's, over one legal issue: whether Prism meets the amount in controversy requirement established by 28 U.S. Code § 1332 in this action. Because Prism fails to establish an amount in controversy in excess of $75,000, this Court lacks subject matter jurisdiction, and this action will be dismissed under Federal Rule of Civil Procedure 12(b)(1).

A brief overview is in order. Lewis Reynolds ("Reynolds") serves as the CEO of Prism Renewables and Entropy Renewables, both of which are "infrastructure consulting firms specializing in the development of renewable energy projects." (Document No. 5, p. 2). The family-owned Five M's contracted with Prism and Entropy to develop a solar project on land it owns in North Carolina, and the three companies entered into various contracts. One of those contracts is a $1,000,000 loan agreement between Prism and Five M's, which represents half of a $2,000,000 fee owed by Five M's to Entropy Renewables. That loan agreement contains an indemnification clause requiring Five M's to defend and hold Prism harmless from and against:

> [A]ny and all claims, damages, losses, liabilities and expenses (including all fees and charges of internal or external counsel with whom any Indemnified Party may consult and all expenses of litigation and preparation therefor) which any Indemnified Party may incur or which may be asserted against any Indemnified

> Party by any person, entity or governmental authority (including any person or entity claiming derivatively on behalf of the Borrower), in connection with or arising out of or relating to the matters referred to in this Note or in the other Loan Documents or the use of any advance hereunder, whether (a) arising from or incurred in connection with any breach of a representation, warranty or covenant by the Borrower, or (b) arising out of or resulting from any suit, action, claim, proceeding or governmental investigation, pending or threatened, whether based on statute, regulation or order, or tort, or contract or otherwise, before any court or governmental authority

(Doc. No. 1-2, at 2). Several members of the Five M's family owners took issue with these contracts and initiated an action in Virginia state court ("the Bristol Litigation") against other family members and against Reynolds. Reynolds was ultimately dismissed from the Bristol Litigation, but Prism alleges Five M's did not perform its contractual duty to defend him during the period he was involved.

Prism seeks twofold relief: (1) a breach of contract action under state law for Five M's failure to defend Reynolds in the Bristol Litigation, and (2) a declaratory judgment under either 28 U.S.C. § 2201 or N.C. Gen. Stat. § 1-253, *et seq.*, to establish that Prism is entitled to indemnification for any damages stemming from Bristol Litigation (e.g., recission of the contracts between Five M's, Prism, and Entropy). To prevail on either of these causes of action, Prism must establish subject matter jurisdiction in this Court, and it seeks to do so under 28 U.S. Code § 1332(a): "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

Five M's brings two arguments in moving to dismiss: first, that Prism fails to meet the amount in controversy requirement, and thus, that the Court lack subject matter jurisdiction, and second, that Prism fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), because the indemnity clause in the parties' contract specifically excludes willful misconduct.

### 1. Prism Fails to Meet the Amount in Controversy Requirement.

"When jurisdiction is predicated upon diversity of citizenship and the complaint does not allege a specific amount of damages but instead seeks 'in excess' of a certain dollar amount, the party asserting jurisdiction must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Rosas v. Hearn*, No. 3:19-CV-00594-RJC-DSC, 2019 U.S. Dist. LEXIS 216474, at *4 (W.D.N.C. Dec. 17, 2019) (citing 28 U.S.C. § 1446(c)(2)).[1] Prism does seek damages "in excess of $75,000," (Doc. No. 5 at 2, 8, 9), and Prism bases that calculation on attorneys' fees accruing in the Bristol Litigation and on "protection of the principal benefit to Plaintiffs under the agreements in question – consideration of over $2,000,000." (Doc. No. 16, at 1). Thus, Prism asserts dual theories of jurisdiction: Five M's duty to indemnify (resulting in possible damages up to $2,000,000) and Five M's duty to defend (accruing legal fees).

### A. Duty to Indemnify

Prism is not entitled to a declaratory judgment on Five M's duty to indemnify Prism from any harmful results that might occur in the Bristol Litigation. Under the Declaratory Judgment Act, a district court, in "a case of actual controversy within its jurisdiction ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.[2]

---

[1] The Magistrate Judge found that to "justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." (Doc. No. 18, at 5) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The *St. Paul Mercury* standard is applicable when a plaintiff pleads a certain sum. *St. Paul Mercury*, 303 U.S. at 288 (addressing the "sum claimed"). Here, Prism referenced other figures, but three times pled the amount in controversy as only "in excess of $75,000," or "exceeding $75,000." The difference is inconsequential, however – Prism's amount in controversy fails as a legal certainty just as it does under a preponderance of the evidence.

[2] Prism also invokes North Carolina's declaratory judgment act, N.C. Gen. Stat. § 1-253. In adjudicating claims for declaratory relief, however, federal courts apply the federal Declaratory Judgment Act rather than state analogue statutes. *See White v. National Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir. 1990) ("Federal standards guide the inquiry as to the propriety of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction").

Under the Act, however, a decision on indemnity would be premature. Prism argues, in part, that it meets the amount in controversy requirement based on Five M's duty to indemnify under the parties' contract, which provides that Five M's would hold Prism harmless from "…any and all claims, damages, losses, liabilities and expenses (including all fees and charges of internal or external counsel with whom any Indemnified Party may consult and all expenses of litigation and preparation therefor) which any Indemnified Party may incur, or which may be asserted against any Indemnified Party by any person …." (Doc. No. 1-2, at 2). Based on this contract, Prism seeks a declaratory judgment establishing that Five M's is responsible to indemnify Prism from any harmful results that might occur in the Bristol Litigation, and Prism hopes to use the losses it could sustain in the Bristol Litigation – up to $2,000,000 – to satisfy the amount in controversy.

When a declaratory judgment seeks to establish indemnity rights at issue in ongoing state litigation, however, resolution in the federal courts may be improper. In *Trustgard Insurance Company v. Collins*, where an insurer requested a declaratory judgment to establish its responsibility to indemnify its insured in an ongoing state court case, the Fourth Circuit noted:

> Trustgard's alleged injury—that it might have to guarantee a future judgment against [the state court defendant]—is of a hypothetical and contingent nature: the injury may or may not occur depending on the outcome of the state lawsuit. If [the state court plaintiff] does not win a state-court judgment against Trustgard's insured, then a decision from this Court concerning Trustgard's obligation to guarantee such a judgment will have no effect. Thus, before any determination of liability, we risk issuing an advisory opinion.

*Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 200 (4th Cir. 2019). Thus, the Court held, "suits about the duty to indemnify—unlike the duty-to-defend suits—would ordinarily be advisory when the insured's liability remains undetermined." *Id.*

Prism argues, in response, that "[a]n actual controversy exists under the Declaratory Judgment Act when a plaintiff seeks declaratory relief in order to avoid the accrual of potential damages for past actions." (Doc. No. 20) (citing *Volvo Const. Equip. N. Am., Inc. v CLM Equip. Co., Inc*., 386 F.3d 581, 593 (4th Cir. 2004)). While a controversy may indeed exist, in declaratory judgment actions seeking an opinion on possible indemnity, "[e]ven if jurisdiction could constitutionally be exercised, [the Court] should not do so." *Trustgard*, 942 F.3d at 201. When jurisdiction is discretionary – and even when it is not – "courts may abstain from exercising jurisdiction under certain circumstances that may intrude on the prerogative of state courts." *Id.*; *see also Volvo Const. Equip.*, 386 F.3d at 594 ("If a district court possesses declaratory judgment jurisdiction, it may nonetheless, in the exercise of its discretion, decline to entertain the action.").

While jurisdiction may not always be improper under these circumstances, district courts addressing the issue should look to (1) the state's interest in having its own courts decide the issue; (2) the state courts' ability to resolve the issues more efficiently than the federal courts; (3) the potential for unnecessary entanglement between the state and federal courts based on overlapping issues of fact or law; and (4) whether the federal action is mere forum-shopping. *See Trustgard*, 942 F.3d at 202. Here, a decision on Five M's duty to indemnify before that duty accrues unnecessarily entangles this Court with the state courts of Virginia, and that entanglement alone is enough to defer jurisdiction. *See id.* at 202-04.

Instead of improperly "advising what the law would be upon a hypothetical state of facts," *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 126 (2007), this Court would better wait until the case has "taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Pub. Serv. Comm'n of Utah v. Wycoff Co*., 344 U.S. 237, 244 (1952). In doing so,

this Court avoids resolving state issues in a federal venue, which "might have the unfortunate result of precluding the parties from fully litigating them in state court." *Trustgard*, 942 F.3d at 203.

Discretion here, like the Fourth Circuit's in *Trustgard*, is appropriate. If Reynolds is ultimately renamed as a plaintiff in the Bristol Litigation and the family members do not succeed in rescinding the contracts at issue, then, as in *Trustgard*, a decision from this Court concerning those contracts will have no effect. On the other hand, if Reynolds is renamed, the family members succeed in rescinding the contracts, and Five M's refuses to indemnify Prism, then Prism may bring its own action for breach of the duty to indemnify.

Though the parties here share a business relationship, not an insurance one, and though Prism, not Five M's, seeks a decision on indemnity, *Trustgard*'s principles are controlling. *See also Philadelphia Indem. Ins. Co. v. Ronin Staffing LLC*, No. 320CV00374FDWDSC, 2021 WL 374972, at *3 (W.D.N.C. Feb. 3, 2021) ("[U]ntil and unless liability is established in the Underlying Lawsuit, this declaratory judgment action as to indemnification would not serve a useful purpose in clarifying the legal relationship between [the parties]."); *Those Certain Underwriters at Lloyd's, London v. Med. Fusion, LLC*, No. 1:20-CV-00041-MR-DCK, 2020 WL 6050576, at *3 (W.D.N.C. Oct. 13, 2020) ("The duty to indemnify can only be resolved before the completion of the underlying case if no necessary facts remain in dispute").

Certainly, this Court does not endorse gamesmanship among litigants, (as alleged in Doc. No. 20, at 5), but Five M's intent in releasing Reynolds from the Bristol Litigation is nondeterminative – whether Reynolds is named as a plaintiff or not, Prism still seeks a decision on indemnity from this Court before any accrual of liability. Because a decision on that indemnity would be premature, *Trustgard*, 942 F.3d at 200, Prism cannot use hypothetical damages from the

state court action to satisfy the amount in controversy requirement. (Doc. No. 16, at 1).[3] Instead, "[a]fter that court has a chance to settle these uncertainties, the parties may return, if necessary, to ask a federal court to decide any remaining … questions." *Trustgard*, 942 F.3d at 204.

### B. Duty to Defend

Prism can rely on its duty to defend claim to meet the amount in controversy requirement, but it failed to establish that any damages under that claim are in excess of $75,000. In concert with its declaratory judgment claim, Prism argues that Five M's already breached the parties' contract (Doc. No. 1-2, at 2) by failing to provide a defense to Reynolds when he was a defendant in the Bristol Litigation.

As a threshold matter, duty-to-defend cases addressing "who was required to pay the costs of defending a suit prior to judgment" are distinct from the Fourth Circuit's limitation on declaratory judgments for questions of indemnity. *Trustgard*, 942 F.3d at 200. Thus, though generally, attorneys' fees are not included in the amount-in-controversy calculation, parties can use attorneys' fees as a basis for the requirement if the fees are provided for by contract. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013). Here, the contract plausibly provides for attorneys' fees, and thus, Prism can use those fees to meet the amount in controversy requirement.

Still, in order to meet that requirement, Prism must prove – or at least plead – that those attorneys' fees were in excess of $75,000. Prism does not make such an allegation. Prism does note that its alleged amount in controversy "includes both the attorneys' fees and costs to actually defend against the [Bristol Litigation], as well as any and all potential losses arising from such

---

[3] The Court recognizes that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Because a declaratory judgment is improper in this action at this stage, however, the value at issue in a misplaced request for declaratory judgment cannot serve to satisfy the amount in controversy requirement.

claims." (Doc. No. 16, at 7). As explained above, however, potential losses from the Bristol Litigation are irrelevant in establishing the amount in controversy – thus, Prism is left with only its attorneys' fees and costs incurred in defending Reynolds in that litigation.

To be clear, these attorneys' fees and costs *can* serve as the basis for a proper breach of contract action, but the Court need not evaluate the merits of Prism's claim at this stage. Nowhere in its amended complaint does Prism allege that its costs and fees incurred in defending Reynolds exceeded $75,000, and thus, without claims to assess, the Court cannot find that Prism meets the amount in controversy requirement under its breach of contract claim, and the Court lacks subject matter jurisdiction.

## 2. Prism States a Plausible Claim under Federal Rule of Civil Procedure 12(b)(6).

As noted, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Five M's made no objection to the Magistrate Judge's finding that Prism states a plausible claim under Federal Rule of Civil Procedure 12(b)(6), and thus, the Magistrate Judge's findings on that point are adopted herein. Still, because the Court exercises its discretion to defer jurisdiction over this action, Prism's claims are dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The M&R (Doc. No. 18) is **ADOPTED in part**. Specifically, the M&R is **NOT ADOPTED** as to the Defendant's arguments on the amount in controversy requirement.

2. The Defendant's Motion to Dismiss (Doc. No. 14) is **GRANTED in part** and **DENIED in part**. Specifically, the Motion is **DENIED** as to the Defendant's arguments under Federal Rule of Procedure 12(b)(6). The Motion is otherwise **GRANTED**.

The Clerk is directed to close this case.

Signed: March 29, 2023

Robert J. Conrad, Jr.
United States District Judge